IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

DEVONTA HENDERSON                 §

v.                                §        CIVIL ACTION NO. 5:23cv138

JUDGE HENRY, ET AL.               §

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Devonta Henderson, an inmate of the Bowie County Correctional Center proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. § 1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas.  The named Defendants in Plaintiff's amended complaint are the Bowie County probation department, the public defender's office, and the district attorney's office.  Plaintiff 's original complaint also named Judge Henry as a defendant, but Judge Henry does not appear in the amended complaint.

On March 28, 2024, Plaintiff was ordered to pay an initial partial filing fee of $12.00, in accordance with 28 U.S.C. § 1915(b). Plaintiff received a copy of this order on April 1, 2024, but to date has not complied, nor has he responded in any way.  His lawsuit may therefore be dismissed for failure to prosecute or to obey an order of the Court. Fed. R. Civ. P. 41(b).

However, Plaintiff's lawsuit suffers from a more significant flaw. His amended complaint states that he was booked into the Bowie County Correctional Center on October 7, 2022, on charges of burglary of a habitation, but the arrest was wrongful and amounted to cruel and unusual punishment. He says that he was supposed to have been arrested for family violence, but instead he was booked on a felony charge and given an excessive bond. For relief, Plaintiff seeks compensatory damages.

1

The on-line records of Bowie County show that Plaintiff was booked into the Bowie County Correctional Center On October 7, 2022, on charges of burglary of a habitation, failure to maintain financial responsibility, and no driver's license. On October 27, 2022, misdemeanor charges of assault causing bodily injury and criminal trespass were filed. The criminal trespass charges were dismissed and Plaintiff received a sentence of community supervision on November 4, 2022. This supervision was later revoked and Plaintiff received a sentence of 200 days in the Bowie County Jail on September 29, 2023.[1]

The Fifth Circuit has explained that if a judgment in a civil rights case would necessarily imply the invalidity of a criminal conviction, the plaintiff can recover damages only by showing that the conviction has been reversed on direct appeal, expunged, declared invalid by an authorized state tribunal, or called into question by a federal writ of habeas corpus. *Johnson v. Thibodaux City*, 887 F.3d 726, 732 (5th Cir. 2018) (citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). In *Johnson*, the Fifth Circuit held that a plaintiff named Dawan Every was precluded from seeking damages for her claim of unlawful arrest because her claim would imply the invalidity of her conviction for resisting arrest, which remained valid. Similarly, in *Sellers v. Haney*, 639 F.App'x 276, 277 (5th Cir. 2016), the Fifth Circuit stated that a plaintiff's claim of wrongful arrest was barred because he had not shown that his conviction had been set aside.

As in *Johnson* and *Sellers*, Plaintiff contends that his arrest was wrongful, a fact which, if proven, could implicate the validity of the criminal conviction resulting from that arrest. As a result, his claims are barred until such time as he can show that his conviction has been overturned, expunged, or otherwise set aside.

This is true even if Plaintiff's sentence has been completed, unless he can show that he has lacks any procedural vehicle through which to challenge his conviction. *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000); *Hassler v. Carson County*, 111 F.App'x 728, 729-30 (5th Cir. 2004).

---

[1] *See* Bowie County Case Records Search, https://portal-txbowie.tylertech.cloud/PublicAccess/default.aspx (Click "Criminal Case Records" hyperlink, Search by "Case," Input "22M1890-CCL" in the "Case Number" field, then click "Search").

He has not made such a showing. Because Plaintiff has not demonstrated that the conviction resulting from the incident complained of has been reversed, expunged, or otherwise set aside, he cannot proceed on a civil rights claim for damages and his lawsuit should be dismissed with prejudice until such time as these conditions are met. *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007).

<u>RECOMMENDATION</u>

It is accordingly recommended that the above-styled civil action be dismissed with prejudice to the claims being asserted again until such time as Plaintiff can show that the conviction resulting from the arrest complained of has been overturned, expunged by executive order, declared invalid in a state collateral proceeding, or called into question through the issuance of a federal writ of habeas corpus.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found.

An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 24th day of May, 2024.

J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE